**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SA CV 10-1811 DOC (AJWx)                                     Date: January 26, 2011

Title: UDR VILLA VENETIA APARTMENTS, LP v. HEATH SIMS

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>    Kathy Peterson    </u>                                        <u>    Not Present    </u>
Courtroom Clerk                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

       Before the Court is a Motion to Remand filed by Plaintiff in the above captioned case, as well as Defendant Heath Sims's Response.  The Court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15.  After considering the papers, the Court GRANTS Plaintiff's Motion to Remand.

       Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue.  *Id.*

       Here, Plaintiff's complaint does not adequately allege or plead any claim raising a federal question.  Unlawful detainer actions arise under California, not federal, law.  *See* Cal. Code. Civ. P. § 1161(a).  As the existence of federal question jurisdiction is determined by reference to the complaint, not to any asserted defenses, Defendant cannot show that the Court has federal question jurisdiction

over this case.

Therefore, Sims does not identify a valid grounds for jurisdiction in his Notice of Removal, *see* Dkt. 1, as is his burden. *See Big Sur, Inc. v. Orcilla*, 2010 WL 3703353, at *1 (N.D. Cal. Sept. 15, 2010). Though the Notice of Removal appears to argue that the unlawful detainer action should not succeed because of Plaintiff's violations of certain federal laws, including civil rights law, and due to Sims's belief of a constitutional issue involving tthe date upon which the trial was held, the Court does not look to affirmative defenses, but restricts its examination to the allegations in the complaint. *See Kennedy*, 2010 WL 3719071, at *1-2.

Accordingly, the case is REMANDED to state superior court.

The Clerk shall serve this minute order on all parties to the action.